decision. Decision affirmed, without costs. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.

 In the Matter of the Claim of CAROLE RHODES, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 5, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner holding claimant ineligible to receive special unemployment assistance benefits. Claimant was employed as a full-time elementary school teacher from 1968 to January 3, 1975 when she obtained what is termed a child care leave of absence. Such an arrangement permitted her to elect to work or not and still retain her teaching license, provided she returned to full-time employment by 1979. In February, 1975 claimant started working three days a week on a per diem basis teaching corrective reading. This job terminated in June at the end of the school year and claimant was unable to find summer employment. Hopefully, she expected to return to a five-day per week job as a corrective teacher in September. Had claimant not taken the child care leave she could have continued with her regular teaching position. She was denied benefits for the week of March 31, 1975 and the summer period commencing June 23 through August 14, 1975. The board found that by taking a child care leave, claimant voluntarily made it less possible to be fully employed; that one who limits his opportunities for employment rather than expands such opportunities, evidences unavailability for employment; and that claimant rendered herself unavailable for employment by choosing what amounted to part-time employment rather than full-time employment. The question of availability is a factual one, and, since there is substantial evidence in the record to sustain the board's determination, it must be upheld. *(Matter of Lunney [Catherwood],* 32 AD2d 864.) Decision affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Main and Reynolds, JJ., concur.

 In the Matter of the Claim of HYMAN LIEBOWITZ, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 12, 1975, which affirmed the decision of a referee sustaining initial determinations of the Industrial Commissioner holding claimant to be ineligible for benefits under the Special Unemployment Assistance Program (SUA) because he was ineligible under both subdivisions 1 and 2 of section 527 of the Labor Law. Claimant, an attorney with New York City and the New York City Housing Authority for 43 years, retired because of age on June 30, 1974. On March 21, 1975 he filed a claim for benefits pursuant to the provisions of SUA, which claim was rejected because he had only 15 weeks of employment rather than the 20 weeks required by subdivision 1 of section 527 of the Labor Law. While it appears that claimant was eligible under subdivision 2 of section 527 of the Labor Law entitled "Alternate condition" in that he had at least 15 weeks of employment in the year preceding the date of his claim and at least 40 weeks during the two years preceding his claim, it was similarly rejected on the ground that said "Alternate condition" does not apply to claims under SUA. The inapplicability of subdivision 2 of section 527 of the Labor Law is mandated by section 205 of the Special Unemployment Assistance Program (US Code, tit 26, § 3304; Special Unemployment Assistance Program, § 205), which, in pertinent part, states: "Sec. 205 Weekly benefit amount * * * (a) The amount of assistance under this title to which *an eligible individual* shall be entitled for a week of unemployment shall be the weekly benefit amount for a week of unemployment

that would be payable to the individual * * * under the provisions of the applicable State unemployment compensation law; *Provided,* That in *computing the weekly benefit amount* under this subsection the individual's *base year, notwithstanding the State law,* shall be the *fifty-two-week period* preceding the first week with respect to which the individual: (1) files a claim for assistance" (emphasis supplied). The board construes the cited provision of SUA to mean that "eligibility" for benefits is limited to those employees who had at least 20 weeks of employment in the "base year" immediately preceding the first week in which a claim for benefits is filed, regardless of the eligibility criteria set forth in subdivision 2 of section 527 of the Labor Law, which were fully met by claimant. We agree. The application of section 205 of the SUA to the factual situation herein, excluding claimant from benefits, can only be understood by reference to section 203 of the SUA. This latter section, entitled "Eligible Individuals", provides, in pertinent part, that an individual shall be eligible for Federal assistance if (1) he is not eligible for compensation under any State or Federal unemployment compensation law, (2) he meets the qualifying employment and wage requirements of the applicable State unemployment law in a base year which, notwithstanding the State law, shall be the 52-week period preceding the first week with respect to which the individual files a claim for assistance, and (3) is totally or partially unemployed. Since the claimant herein retired on July 1, 1974 and did not file for benefits pursuant to the Federal program until March 17, 1975, he thereby established a base year running from March 18, 1974 to March 17, 1975. It follows, therefore, that since under the Federal program the base year is the 52 weeks immediately preceding the week of application for benefits, subdivision 2 of section 527 of the Labor Law providing an alternate condition of eligibility, dependent upon a base year of 104 weeks, is not applicable. Next, the claimant herein fails to meet the qualifying employment and wage requirements of subdivision 1 of section 527 of the Labor Law in that he was not employed for a minimum of 20 weeks in the 52 weeks preceding his application for Federal assistance. Consequently, he is not an "eligible individual" under either subdivision of 527 and thereby fails to meet the Federal eligibility requirements set forth in both sections 203 and 205 of the SUA. Claimant's other contentions to the effect that there was not adequate publication of the new Federal regulation and that a $2,000 lump sum payment to him by his former municipal employer constituted continuance on the public payroll are without merit. Decision affirmed, without costs. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.